IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, et al., ) | | 8:09-cv-456 |
| ) | | |
| Plaintiffs, ) | | |
| ) | | **JOINT STIPULATION AND** |
| v. ) | | **PROTECTIVE ORDER** |
| ) | | |
| STATE OF NEBRASKA, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ──────────────────────── ) | | |
| ) | | |
| JOHN DOE, ) | | |
| Plaintiff, ) | | |
| ) | | 4:10-cv-3266 |
| vs. ) | | |
| ) | | |
| NEBRASKA STATE PATROL, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ──────────────────────── ) | | |
| ) | | |
| JOHN DOE, ) | | |
| Plaintiff, ) | | |
| ) | | 4:10-cv-3005 |
| vs. ) | | |
| ) | | |
| STATE OF NEBRASKA, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| ──────────────────────── ) | | |

Under Fed. R. Evid. 502(d) and (e), as well as the Court's April 19, 2011 Memorandum and Order (Filing #384) and May 3, 2011 Order (Filing #390), the parties file this joint stipulation and protective order for the Court's review and approval. The parties represent to the Court that they have conferred and reached the following agreement regarding the scope, type, and method of document disclosure for any unfulfilled discovery requests not subject to the Court's May 3, 2011 Order.

1

**JOINT STIPULATION**

Plaintiffs' have served the following Interrogatories and Requests for Production of Documents on Defendants. Defendants agree to identify and produce documents in response to each of the requests as detailed below, *subject to any privileges that may apply*:

<u>Defendant Douglas County Attorney</u>

Interrogatory No. 2: Identify all documents and any correspondence, in any form or medium, which relate in any way to the enforcement of the Nebraska Sex Offender Registration Act over the past three (3) years.

Agreement: The Douglas County Attorney's Office agrees to identify all responsive documents in its possession, custody, or control subject to the following limitations: (1) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010).

<u>Requests for Production as to Defendants State of Nebraska, Nebraska State Patrol, Nebraska Attorney General Jon Bruning, and Col. Bryan Tuma:</u>

Request No. 3: All interoffice communications and correspondence within the Nebraska Attorney General's Office regarding the drafting and editing of LB 285, including, but not limited to, all electronically stored communication or correspondence.

Agreement: The Nebraska Attorney General's Office agrees to produce all responsive documents in its possession, custody, or control subject to the following limitations: (1) the subject matter of the documents pertain to Neb. Rev.

|  |  |
|---|---|
|  | Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (2) the documents were created prior to or on May 29, 2009. |
| Request No. 4: | All interoffice communications and correspondence within the Nebraska Attorney General's Office regarding the drafting and editing of LB 97, including, but not limited to, all electronically stored communication or correspondence. |
| Agreement: | The Nebraska Attorney General's Office agrees to produce all responsive documents in its possession, custody, or control subject to the following limitations: (1) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (2) the documents were created prior to or on May 20, 2009. |
| Request No. 7: | All interoffice communications and correspondence within the Nebraska State Patrol regarding LB 285, including, but not limited to, all electronically stored communication or correspondence. |
| Agreement: | The Nebraska State Patrol agrees to produce all responsive documents in its possession, custody, or control subject to the following limitations: (1) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (2) the documents were created after January 14, 2009. |
| Request No. 8: | All interoffice communications and correspondence within the Nebraska State Patrol regarding LB 97, including, but not limited to, all |

|  |  |
|---|---|
|  | electronically stored communication or correspondence. |
| Agreement: | The Nebraska State Patrol agrees to produce all responsive documents subject to the following limitations: (1) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (2) the documents were created after January 9, 2009. |
| Request No. 12: | For the past three (3) years, all documentation and correspondence of any kind, including, but not limited to, electronic information and correspondence, pertaining to the enforcement of the Nebraska Sex Offender Registration Act. |
| Agreement: | Defendants agree to produce all responsive documents subject to the following limitations: (1) the documents are in the possession, custody, or control of the Nebraska Attorney General's Office or the Nebraska State Patrol; (2) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (3) the documents were created between January 9, 2009 and December 30, 2009. |
| Request No. 13: | For the past three (3) years, all documentation and correspondence of any kind, including, but not limited to, electronic information and correspondence, pertaining to the interpretation of the Nebraska Sex Offender Registration Act. |
| Agreement: | Defendants agree to produce all responsive documents subject to the following limitations: (1) the documents are in the possession, custody, or |

control of the Nebraska Attorney General's Office or the Nebraska State Patrol; (2) the subject matter of the documents pertain to Neb. Rev. Stat. §§ 28-322.05, 29-4006(1)(k), 29-4006(1)(s), or 29-4006(2) (Cum. Supp. 2010); and (3) the documents were created between January 9, 2009 and December 30, 2009.

Defendants agree to identify and produce documents and privilege logs in response to the above Interrogatories and Requests for Production of Documents within 60 days of the Court's approval of this Joint Stipulation and Protective Order. In light of the Court's ruling on Defendants' Motion to Stay (Filing #390), the parties reserve the right to further enter into a Joint Stipulation and Protective Order as it relates to Plaintiffs' Requests for Production of Documents Nos. 1, 2, 5, 6, 9, and 10 following resolution of Defendants' Objections to Magistrate Judge's Order (Filing #386).

## PROTECTIVE ORDER

The parties agree that the following terms shall govern the disclosure of any privileged material in this action:

1. Privileged material means any documents or information, in any form, subject to a evidentiary privilege under the Federal Rules of Evidence.

2. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as privileged material shall not waive any privilege for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

3. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed privileged material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within five days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking court determination of the issue.

4. Any privileged material inadvertently disclosed by the producing party to the requesting party under this agreement shall be and remain the property of the producing party.

5. Nothing in this agreement shall prevent any party from applying to the Court for a modification of this agreement should the moving party believe the agreement is hampering its efforts to prepare for trial; or from applying to the Court for further and additional protective agreements; or from and agreement between the parties to any modification of this agreement, subject to the approval of this Court.

6. This agreement shall survive the final termination of this case regarding any retained documents or their contents.

Dated: May 6, 2011

**STATE OF NEBRASKA, et al., Defendants.**

BY:   JON BRUNING, #20351
Attorney General

BY:   *s/* Katherine J. Spohn
Katherine J. Spohn, #22979
Kevin L. Griess, #22182
Assistant Attorneys General
2115 State Capitol
Lincoln, NE  68508
(402) 471-2682
katie.spohn@nebraska.gov
kevin.griess@nebraska.gov

*Attorneys for Defendants*.


John Doe and Jane Doe 1 through 36,
John Doe and Jane Doe A through K,
Doe 12 on behalf of Does H and K, minors, and
Doe G on behalf of Doe I, minor,
    Plaintiffs (8:09-cv-456)
John Doe,
    Plaintiff (8:10-cv-3005)
John Doe,
    Plaintiff (8:09-cv-3266)


BY:   s/ Stuart J. Dornan
STUART J. DORNAN, #18553
THOMAS MONAGHAN, #12874
JASON E. TROIA, #21793
JOSHUA W. WEIR, #23492
RODNEY C. DAHLQUIST, JR., #23912
Dornan, Lustgarten & Troia, PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

     I hereby certify that on May 6, 2011, I electronically filed the foregoing document with the Clerk of the U.S. District Court for the District of Nebraska using the CM/ECF system, causing notice of such filing to be served on Plaintiffs' counsel of record.

                                                By:    *s/* Katherine J. Spohn
                                                                 Katherine J. Spohn, #22979

IT IS ORDERED:

Pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and this court's general authority to regulate and authorize the discovery process in pending cases, the parties' stipulation for production of discovery and for a protective order, as set forth above, is hereby approved and is so ordered by the court.

5/9/2011                                                                                                     
                                                                             United States Magistrate Judge