# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE, et al., ) | |
|     Plaintiffs, ) | |
| v. ) | 8:09CV456 |
| STATE OF NEBRASKA, et al., ) | |
|     Defendants. ) | |
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| v. ) | 4:09CV3266 |
| NEBRASKA STATE PATROL, et al., ) | |
|     Defendants. ) | |
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| v. ) | 4:10CV3005 |
| STATE OF NEBRASKA, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

On April 19, 2011, Magistrate Judge Cheryl R. Zwart entered a memorandum and order (filing 384 in Case No. 8:09CV456) which granted in part and denied in part the plaintiffs' motion to compel discovery (filing 374 in Case No. 8:09CV456) in these consolidated cases. On May 3, 2011, the defendants filed a statement of objections (filing 386 in Case No. 8:09CV456).

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has reviewed the portions of the memorandum and order to which objections have been made, and finds that the objections should be denied for the reason that the Magistrate Judge's findings of fact and conclusions of law are not clearly erroneous or contrary to law.[1]

---

[1] To the extent the appropriate standard of review is de novo, I have conducted a de novo review.

The defendants object to that portion of the Magistrate Judge's order which compels them to produce the following categories of documents:

(1) All communications and correspondence between the Nebraska Legislature and the Nebraska Attorney General's Office regarding LB 285 and LB 97 (Document Request Nos. 1 and 2);

(2) All interoffice communications and correspondence within the Nebraska Legislature regarding the drafting, editing, debate, and passage of LB 285 and LB 97 (Document Request Nos. 5 and 6); and

(3) All memorandum, notes, and other documents relating to the drafting, editing, debate, or passage of LB 285 and LB 97 (Document Request Nos. 9 and 10).

The defendants argue that such documents are irrelevant to the issues remaining to be tried. They also claim that the documents are subject to legislative privilege.

For the reasons articulated in Judge Zwart's memorandum, I am satisfied that the plaintiffs' requests "appear reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). I also conclude that Judge Zwart has correctly analyzed the legislative privilege claim by ruling that "only documents or communications that were created prior to the passage and implementation of LB 97 and LB 285 that involve opinions, recommendations or advice about legislative decisions between legislators or between legislators and their aides – that is, documents that are pre-decisional, deliberative and contain matters of opinion – will be considered for protection under the deliberative process privilege" (filing 384 at 17), and by requiring the defendants to produce all other documents.[2]

---

[2] Judge Zwart directed the parties to meet and confer regarding the production of documents, encouraged them to consider entering into a "claw-back" agreement and requesting a protective order from the court, and instructed the defendants to prepare a privilege log for any withheld documents.

Accordingly,

IT IS ORDERED that:

(1) the Magistrate Judge's memorandum and order (filing 384 in Case No. 8:09CV456) shall not be disturbed and is hereby sustained; and

(2) the defendants' objection to and appeal from the Magistrate Judge's memorandum and order (filing 386 in Case No. 8:09CV456) is denied.

June 15, 2011.  BY THE COURT:

*Richard G. Kopf*
United States District Judge