IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN and JANE DOE 1-36, et al.,<br>　　　　Plaintiffs,<br><br>　　　v.<br>STATE OF NEBRASKA, et al.,<br>　　　　Defendants. | 8:09CV456 |
| JOHN DOE, et al.,<br>　　　　Plaintiff,<br><br>　　　v.<br>STATE OF NEBRASKA, et al.,<br>　　　　Defendants. | 4:09CV3266<br><br>MEMORANDUM AND ORDER |
| JOHN DOE, et al.,<br>　　　　Plaintiff,<br><br>　　　v.<br>STATE OF NEBRASKA, et al.,<br>　　　　Defendants. | 4:10CV3005 |

This matter is before the court on the defendants' motion to compel several of the plaintiffs to answer certified questions related to their employment which were posed to the plaintiffs during their depositions. Filing No. 404. The plaintiffs oppose the motion and request that the court enter a protective order forbidding inquiry "into matters relating to their employment, or limiting the scope of discovery" on employment issues. Filing No. 408.

During their respective depositions, the Doe plaintiffs were instructed and refused to answer a variety of questions regarding the plaintiffs'[1] past work, current work, and any possible clients. The defendants filed a list of certified questions (the "Certified Questions") and ask the court for an order requiring the plaintiffs to answer those questions.  Filing Nos. 405-1 to 405-11.

The plaintiffs argue they should not be forced to answer the questions because the defendants already have the information sought (to the extent it is filed of public record) and answering the certified questions would be duplicative. This argument is without merit. Under Fed. R. Civ. P. 30(c)(2), an instruction not to answer is permitted "only when necessary to preserve a privilege, to enforce a limitation ordered by a court, or to present a motion under Rule 30(d)(3)."  None of these grounds are present in the instant case, and the plaintiffs must answer the certified questions.[2]

---

[1] Doe plaintiffs nos. 3, 6, 7, 11, 12, 16, 17, 21, and 23.

[2] The defendants also certified a few questions regarding specific plaintiffs' past computer use as it related to child pornography and previous contact with minors through websites and forums.  Many of the plaintiffs have elected not to answer the questions, citing their constitutional right against self-incrimination. The parties did not brief this issue. Under Fed. R. Civ. P. 30(c) an instruction not to answer may be proper "when necessary to preserve a privilege." Questions regarding the respective plaintiffs' past contact with minors may be incriminating, but the court must evaluate those questions and each plaintiff's circumstances on a fully developed record.  See, e.g., Capital Products Corp. v. Hernon, 457 F.2d 541, 543 (8th Cir. 1972)(noting "[t]he court must determine whether the claimant . . . . confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.")(citing Marchetti v. United States, 390 U.S. 39, 53 (1968)). Since the parties have not asked for a ruling on the parameters of the Fifth Amendment as to each plaintiff's testimony, and have not fully briefed the issues, the court will not address the extent of any plaintiff's right to remain silent in this case.

However, the plaintiffs' primary concern is not with providing answers, but rather with how the defendants intend to use the information. Thus, by instructing the plaintiffs not to answer, counsel was, in essence, protecting their clients until they could request a protective order. The plaintiffs have now requested a protective order in their brief opposing the defendant's motion to compel. Filing No. 408.

The plaintiffs' method of raising this issue for court consideration was procedurally incorrect, but the underlying issue is substantively important and deserving of a court ruling. Specifically, the plaintiffs were not permitted to simply refuse to answer employment-related questions during their depositions, but the court shares the plaintiffs' concern with allowing the defendants unfettered license to contact the plaintiffs' respective past and current employers, or past and current clients. Any such action would undermine the order allowing the plaintiffs to proceed with this case anonymously.

If the defendants intend to "explore, verify or disprove" the plaintiffs' claims by contacting the plaintiffs' employers and clients, they are essentially engaging the court discovery process as the conduit for creating an alleged harm the plaintiffs seek to enjoin.[3] For example, if the defendants contact one of the plaintiffs' employers or clients and the plaintiff is subsequently fired, that plaintiff will have suffered the exact damage they are trying to prevent, thereby proving their claim of potential damage but creating no more than a Pyrrhic victory. The court is not prepared to allow that risk of harm at this juncture in the law suit, particularly when other, less intrusive, means are available to the defendants to

---

[3]The court emphasizes this is an action for injunction; not damages. If the plaintiffs' employment had already allegedly been harmed by the statute at issue, the court would likely permit the discovery as to the actual cause of any adverse employment action and any ensuing damages.

determine whether the registration requirements under the Sex Offender Registry Act ("SORA") will adversely impact a registrant's employment opportunities.[4]

Pursuant to Fed. R. Civ. P. 26(c), the court has the power to enter a protective order limiting the scope of disclosure or discovery to certain matters. For the reasons set forth above, the court finds such an order is warranted in this case. Accordingly, the plaintiffs will be required to answer the defendants' employment and client questions, but the defendants may not use this information to contact any of the plaintiffs' respective past or present employers, past or present co-workers, or past or present clients, partners, employees, contractors, or any other third party to discuss any facts or circumstances surrounding any of the plaintiffs' current or past employment. Additionally, any documents filed with the court containing the plaintiffs' respective employment information must be filed under seal, or otherwise redacted to prevent public dissemination of that information.

If the defendants want to contact any third-party (including past or present employers, clients, partners, employees or contractors) with questions regarding the circumstances or facts surrounding the plaintiffs' past or current employment they may do so under two, and only two, circumstances: 1) if the plaintiff affected by the disclosure agrees to allow contact with a specific third-party regarding that plaintiff's employment, or 2) upon authorization from this court after an appropriate motion is filed and decided.

Accordingly,

---

[4] For example, public and private employment agencies and half-way houses for sex offenders likely have information, (either statistical or expert opinion), regarding the employment issues presented in this case. Obtaining information from these sources, at least in the first instance, will not serve to jeopardize the plaintiffs' employment options.

IT IS ORDERED,

1) Defendants' motion to compel is granted.

2) Plaintiffs' request for a protective order limiting discovery is granted under the terms set forth in this Memorandum and Order.

3) The clerk shall file this memorandum and order in the lead case, 8:09-cv-00456-RGK-CRZ, as a spread text order.

DATED this 27th day of October, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
